Date signed December 12, 2008



PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| MANFRED N. AYUK | : | Case No. 06-18255PM |
| | : | Chapter 13 |
| Debtor | : | |

## MEMORANDUM OF DECISION

This case comes before the court on the Chapter 13 Trustee's Motion for Disallowance of Claim as to Which the Claimant Has Refused Distributions. Debtor's Third Amended Chapter 13 Plan was confirmed on May 21, 2007, and the Trustee reports that the Debtor is making the required Plan payments. GMAC Mortgage, LLC (sometimes "GMAC"), filed a proof of claim on December 29, 2006, stating a balance due as of the date of filing as $354,861.18 and pre-filing arrears aggregating $9,743.26. The Trustee seeks to disallow the proof of claim because GMAC has refused to accept distributions made pursuant to the confirmed Plan. However, the court is confused by the fact that a motion for relief from the automatic stay was filed by the Bank of New York Trust Company, N.A., as trustee, alleging that it is the holder of a note secured by the Debtor's property. There is no evidence in the record of a transfer of the claim by GMAC. Logic dictates that GMAC Mortgage, LLC, and the Bank of New York Trust Company, N.A., cannot both be holders of the promissory note secured by the deed of trust on Debtor's residence. *Md. Comm. Law Ann.* § 1-201(20)(a). Further confusion is caused by the fact that the law firm filing the original Motion for Relief from Stay on behalf of the Bank of New York Trust Company, N.A., is not the law firm that filed the Declaration of Default under that Consent Order.

Debtor appeared in court and reported that he is in negotiation with someone claiming to be the holder of the obligation secured by his residence and that he has agreed to make up the arrears, together with not-insignificant charges that appear to be added on.  It would be irresponsible for the court to disallow the claim for pre-filing arrears on one hand and then stand by without taking action while the Debtor attempts to cure post-filing arrears on his own.  To further complicate matters, the court is advised by the Debtor that, despite counsel's undertaking set forth in her Disclosure of Compensation filed December 18, 2006, that her representation of Debtor continues until the case is closed, dismissed or discharged, counsel refuses to assist Debtor any further without payment of funds in advance.  This is troublesome in that Debtor obviously has a cash flow problem.  Nothing would prevent counsel from application for further compensation should circumstances warrant.

The court will deny the Trustee's Motion with the admonition that the holder of the secured claim, whoever it may be, and its representatives, contact the Debtor and his counsel of record so that this bankruptcy case under Chapter 13 may proceed to a successful conclusion.

cc:
Nancy S. Grigsby, Trustee, P.O. Box 958, Bowie, MD 20718
Laura Margulies, Esq., 6205 Executive Blvd., Rockville, Md 20852
Manfred Ayuk, 9205 25th Avenue, Hyattsville, Md 20783
Richard J. Rogers, Esq., Cohn Goldberg, 600 Baltimore Ave., #208, Towson, MD 21204
Randa S. Azzam, Esq., 122 North Alfred Street, Alexandria, VA 22314
GMAC Mortgage, LLC, Bankruptcy Dept.,
    3451 Hammond Avenue, P.O. Box 780, Waterloo, IA 50704-0780
GMAC Mortgage Group, LLC, c/o CT Corporation System, 2222 Grand Avenue,
    Des Moines, IA, 50312

**End of Memorandum**